J-A30002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ISAAC DESHANE JONES | |
| Appellant | No. 338 EDA 2013 |

Appeal from the Judgment of Sentence September 12, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012414-2011

BEFORE:  LAZARUS, J., MUNDY, J., and PLATT, J.[*]

DISSENTING MEMORANDUM BY LAZARUS, J.:  **FILED DECEMBER 31, 2014**

I respectfully dissent.  Here, the record does not support a finding of probable cause to arrest Jones.  The facts and circumstances within Officer Simpson's knowledge at the time he arrested Jones did not rise to the level to warrant a man of reasonable caution in the belief that Jones had committed or was committing a crime.

Instantly, Officer Simpson offered nothing more to support the arrest than the fact that Jones talked to known drug dealers/users in a known high-drug area and showed those individuals an unidentified object in his hand.  The officer was unable to hear the content of the conversations between Jones and the individuals he approached and could not see what

_____

[*] Retired Senior Judge assigned to the Superior Court.

Jones was holding in his fist. Accordingly, Jones' observed behavior, in and of itself, did not rise to the level of probable cause.

Even taking into account Officer Simpson's extensive experience on the police force and his narcotics training, the nexus between this experience and Jones' observed behavior does not amount to the quantum of evidence necessary to establish probable cause. The facts show that Officer Simpson was clearly familiar with the area, had conducted many drug surveillances in that same location, and was a trained member of the Narcotics Enforcement Team. While Officer Simpson testified that he recognized some of the individuals Jones approached to be known heroin addicts and methadone clinic patients, he did not identify Jones as someone he recognized or knew to be involved in drugs. Most notable, however, is that unlike the facts in **Thompson**[1] and **Dunlap**[2], Officer Simpson did not observe Jones engage in a single transaction.

Taking into account the additional facts that Officer Simpson was unable to identify what Jones had in his fist, could not hear what was said between Jones and the other individuals, did not recognize Jones or know him to be involved in drugs, and never observed Jones make any hand-to-hand transactions or exchange of objects with any of the individuals, I

---

[1] **Commonwealth v. Thompson**, 985 A.2d 928 (Pa. 2009).

[2] **Commonwealth v. Dunlap**, 941 A.2d 671 (Pa. 2007).

disagree with the majority's determination that probable case existed to arrest Jones. Accordingly, I would reverse the trial court's order denying suppression of the narcotics seized incident to Jones' arrest.